IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| ORLANDO WADE BODINE, § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> ANDREW SAUL, § <br> Commissioner of Social Security, § <br> § <br> Defendant. § | Civil Action No. 7:20-cv-00044-O-BP |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Plaintiff Orlando Wade Bodine ("Bodine") filed this action under 42 U.S.C. § 405(g), seeking judicial review of the denial by the Commissioner of Social Security ("Commissioner") of his application for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("SSA"), and Supplemental Security Income ("SSI") payments under Title XVI. ECF No. 1. After considering the pleadings, briefs, administrative record, and applicable legal authorities, the undersigned **RECOMMENDS** that United States District Judge Reed O'Connor **AFFIRM** the Commissioner's decision.

I.  **STATEMENT OF THE CASE**

Bodine was born on August 3, 1968, has a limited level of education, and is able to communicate in English. *See* Soc. Sec. Admin. R. (hereinafter "Tr."), ECF No. 15-1 at 30. Bodine originally applied for a period of disability, DIB, and SSI payments on January 15, 1997. Tr. 17. These claims were denied and deemed final and binding on September 5, 1997. *Id.* On August 15, 2016, Bodine again applied for a period of disability, DIB, and SSI payments, alleging that his disability began on June 1, 2013. *Id.* The claim was denied initially on December 29, 2016 and

then again upon reconsideration on April 12, 2017. *Id.* When he applied, he was forty-four years old, which is defined as a younger person. Tr. 30. Bodine requested an initial hearing, which was held before Administrative Law Judge ("ALJ") James Linehan on January 3, 2018, via video. Tr. 17. The ALJ issued his unfavorable decision on March 28, 2018, finding that Bodine was not disabled. *Id.*

Bodine subsequently requested review of the ALJ's decision on April 16, 2018. *Id.* The Appeals Council ("AC") remanded the case to the ALJ on January 30, 2019. *Id.* The AC stated that remand was necessary under a substantial evidence standard because:

> [i]n addressing the claimant's mental impairments, the decision found the claimant's paragraph B criteria included a moderate limitation in interacting with others (Decision, page 4). The hearing decision indicates that the claimant has the residual functional capacity to perform light work including a limitation that "The claimant would have the ability to interact appropriately with supervisors, coworkers and the general public." (Decision, finding 5). However, the above residual functional capacity does not reflect the finding of a moderate limitation in interacting with others as an ability to interact appropriately with supervisors, coworkers, and the general public does not actually reflect any limitations. Further, the decision afforded "great weight" to the opinion of the State agency psychological consultant Dr. Erika Gilyot-Montgomery, Psy.D. who opined the claimant would do best with superficial contact with the general public (Exhibit 6A, page 12). The decision does not state why this limitation was not included in the claimant's residual functional capacity. Therefore, further consideration of the claimant's residual functional capacity is required.

Tr. 153. The AC ordered the ALJ upon remand to:

- Further evaluate the claimant's mental impairments in accordance with the special technique described in 20 CFR 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c) and 416.920a(c).

- Give further consideration to the claimant's maximum residual functional capacity during the entire period at issue and provide rationale with specific reference to evidence of record in support of assessed limitations (Social Security Ruling 96-8p). In so doing, evaluate the treating and nontreating source opinions pursuant to the provisions of 20 CFR 404.1527 and 416.927 and nonexamining source opinions in accordance with the provisions of 20 CFR

2

> 404.1527 and 416.927, and explain the weight given to such opinion evidence. As appropriate, the Administrative Law Judge may request the treating and nontreating sources to provide additional evidence and/or further clarification of the opinions and medical source statements about what the claimant can still do despite the impairments (20 CFR 404.1520b and 416.920b). The Administrative Law Judge may enlist the aid and cooperation of the claimant's representative in developing evidence from the claimant's treating sources.
>
> - Obtain supplemental evidence from a vocational expert to clarify the effect of the assessed limitations on the claimant's occupational base (Social Security Ruling 83-14). The hypothetical questions should reflect the specific capacity/limitations established by the record as a whole. The Administrative Law Judge will ask the vocational expert to identify examples of appropriate jobs and to state the incidence of such jobs in the national economy (20 CFR 404.1566 and 416.966). Further, before relying on the vocational expert evidence the Administrative Law Judge will identify and resolve any conflicts between the occupational evidence provided by the vocational expert and information in the Dictionary of Occupational Titles (DOT) and its companion publication, the Selected Characteristics of Occupations (Social Security Ruling 00-4p).

Tr. 154.

On remand, the ALJ held a second video hearing on July 23, 2019 in which Bodine, his sister, and an impartial vocational expert testified telephonically. *Id.* Bodine elected to appear and testify without the assistance of an attorney. Tr. 18. After considering all of the evidence, the ALJ issued an unfavorable decision on August 16, 2019, finding that Bodine was not disabled. Tr. 31.

Specifically, the ALJ employed the statutory five-step analysis and established during step one that Bodine had not engaged in substantial gainful activity since June 1, 2013, the alleged onset date. Tr. 21. At step two, he determined that Bodine had the severe impairments of degenerative disc disease in his lumbar spine; osteoarthritis; depression; anxiety; and obesity. *Id.* He found that Bodine had moderate limitations in two "paragraph B" categories: ability to concentrate, persist, or maintain pace; and interacting with others. Tr. 23. He also found that Bodine had a mild limitation in understanding, remembering, or applying information, and in adapting or managing oneself. Tr. 22-23. At step three, the ALJ found that Bodine's impairments

did not meet or medically equal two of the "marked" impairments listed in 20 C.F.R. Pt. 404(p). Tr. 24. In particular, he concluded that Bodine retained the residual functional capacity ("RFC") to

> lift 20 pounds occasionally and lift and carry 10 pounds frequently. The claimant can stand or walk alternatively for a total of 6 hours out of 8 hours per day with sitting occurring intermittently throughout the day. The claimant can reach, push, and pull with upper extremities up to 6 hours per 8-hour day. The claimant can use hands for grasping, holding, and turning objects up to 6 hours per 8-hour day. The claimant can use hands for grasping, holding, and turning objects up to 6 hours per 8hour day.  The claimant can alternatively climb, stoop, kneel, crouch, crawl, and balance up to 6 hours per 8-hour day.  In addition, the claimant would have with non-exertional limitations in that claimant would be limited to work that is of SVP level 2 or less as defined in the DOT.  The claimant would have ability to understand, remember, and carry out ordinary and/or routine written or oral instructions and tasks.  The claimant would have ability to interact occasionally with supervisor and co-workers.

Tr. 24. At step four, the ALJ determined that Bodine was unable to perform any past relevant work, which included being a forklift driver and a maintenance mechanic. Tr. 29. At step five, the ALJ determined that there were a significant number of jobs in the national economy that Bodine could perform, so a finding of "not disabled" was appropriate. Tr. 30.

The Appeals Council denied review on October 31, 2019. Tr. 10. Therefore, the ALJ's decision is the Commissioner's final decision and is properly before the Court for review. *Higginbotham v. Barnhart*, 405 F.3d 332, 334 (5th Cir. 2005) ("[T]he Commissioner's 'final decision' includes the Appeals Council's denial of [a claimant's] request for review.").

## II.    STANDARD OF REVIEW

Title II, 42 U.S.C. § 404 *et seq.*, of the SSA governs the disability insurance program in addition to numerous regulations concerning disability insurance. *See* 20 C.F.R. § 404 (2020). The SSA defines a disability as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in

4

death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A) (2020); *Crowley v. Apfel*, 197 F.3d 194, 197 (5th Cir. 1999).

To determine whether a claimant is disabled and thus entitled to disability benefits, the Commissioner employs a sequential five-step analysis. 20 C.F.R. § 404.1520. First, the claimant must not be engaged in any substantial gainful activity. *Id.* § 404.1520(a)(4)(i). "'Substantial gainful activity' is work activity involving significant physical or mental abilities for pay or profit." *Masterson v. Barnhart*, 309 F.3d 267, 271 n.2 (5th Cir. 2002) (citing 20 C.F.R. § 404.1572(a)-(b)). Second, the claimant must have an impairment or combination of impairments that is severe. 20 C.F.R. § 404.1520(a)(4)(ii); *see Stone v. Heckler*, 752 F.2d 1099, 1100-03 (5th Cir. 1985). Third, disability exists if the impairment or combination of impairments meets or equals an impairment listed in the Listing of Impairments ("Listing"), 20 C.F.R. Part 404, Subpart P, Appendix 1. 20 C.F.R. § 404.1520(a)(4)(iii). Fourth, the impairments must prevent the claimant from returning to past relevant work. *Id.* § 404.1520(a)(4)(iv). Before this step, the ALJ assesses the claimant's RFC, which is "the most [a claimant] can still do despite [the claimant's] limitations." *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); 20 C.F.R. § 416.945(a)(1). Fifth, impairments must prevent the claimant from doing any work after considering the claimant's RFC, age, education, and work experience. *Crowley*, 197 F.3d at 197-98; 20 C.F.R. § 404.1520(a)(4)(v).

"A finding that a claimant is disabled or is not disabled at any point in the five-step review is conclusive and terminates the analysis." *Lovelace v. Bowen*, 813 F.2d 55, 58 (5th Cir. 1987). "The claimant bears the burden of showing [he or] she is disabled through the first four steps of the analysis; on the fifth, the Commissioner must show that there is other substantial work in the

national economy that the claimant can perform." *Audler v. Astrue*, 501 F.3d 446, 448 (5th Cir. 2007).

The Court reviews the Commissioner's decision to determine whether the Commissioner applied the correct legal standards and whether substantial evidence in the record as a whole supports the decision. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995); *Hollis v. Bowen*, 837 F.2d 1378, 1382 (5th Cir. 1988). "Substantial evidence is such relevant evidence as a responsible mind might accept to support a conclusion. It is more than a mere scintilla and less than a preponderance. A finding of no substantial evidence is appropriate only if no credible evidentiary choices or medical findings support the decision." *Harris v. Apfel*, 209 F.3d 413, 417 (5th Cir. 2000) (internal quotation marks omitted) (quoting *Ripley v. Chater*, 67 F.3d 552, 555 (5th Cir. 1995)). The Court may neither reweigh the evidence in the record nor substitute its judgment for the Commissioner's, but it will carefully scrutinize the record to determine if substantial evidence is present. *Id.*; *Hollis*, 837 F.2d at 1383. "Conflicts in the evidence are for the Commissioner and not the courts to resolve." *Newton v. Apfel*, 209 F.3d 448, 452 (5th Cir. 2000) (internal punctuation omitted) (quoting *Selders v. Sullivan*, 914 F.2d 614, 617 (5th Cir. 1990)).

### III.  ANALYSIS

Bodine raises two issues on appeal. He claims that the ALJ (1) failed to comply with the AC's remand order and explain why he did not include a limitation in RFC restricting Bodine's contact with the general public, and (2) relied on his own lay interpretation of the objective medical data when making his RFC assessment. ECF No. 17 at 4.

### A.  Substantial Evidence Supports the ALJ's RFC Determination.

Bodine first argues that the ALJ erred by not limiting his interaction with the general public in the RFC. ECF No. 17 at 13. He contends that despite the AC's remand order, the ALJ's decision

6

did not include a limitation on interaction with the general public in the RFC, and substantial evidence therefore does not support it. *Id.* at 14. Bodine argues that such a limitation was necessary since (1) the ALJ concluded that the medical record supported a moderate limitation in Bodine's ability to interact with others; and (2) the state agency psychological consultants recommended limitations that were consistent with the medical record. *Id.* Additionally, he asserts that the ALJ did not account for Bodine's limitation to have "no fast pace tasks" despite recognizing that the medical record supported a moderate limitation in his ability to concentrate, persist, or maintain pace. *Id.* at 15.

In response, the Commissioner argues that the ALJ properly considered all of Bodine's functional limitations that the medical record supported and concluded based on the medical evidence that Bodine's impairments were not as debilitating as he claimed them to be. ECF No. 18 at 3. The Commissioner contends that the ALJ followed the AC's remand order by limiting Bodine to only occasional interaction with his supervisors and co-workers. *Id.* at 3-4. The Commissioner also notes that the ALJ found Bodine had no problems getting along with family, friends, neighbors, or others, and gets along "OK" with authority figures. *Id.* at 3. He maintained meaningful relationships with family and friends, as well as interacted well with medical providers and staff. *Id.* Moreover, the Commissioner argues that the ALJ limited Bodine to unskilled work that usually involves working with objects, not people. *Id.* at 4. The Commissioner asserts that the ALJ was not required to include a limitation in the RFC for performing fast-paced tasks since the physician's opinion did not support such a limitation. *Id.* at 6.

By definition, a claimant's RFC is the most the claimant can still do despite his impairments and any related symptoms. 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1) (2020). "The responsibility for determining a claimant's RFC lies with the ALJ . . . [and] the ALJ must discuss

7

the claimant's ability to perform sustained work activity on a regular and continuing basis and resolve any inconsistencies in the evidence." *Ewing v. Colvin*, No. 4:13-CV-085-A, 2014 WL 2464765, at *4 (N.D. Tex. June 2, 2014) (citing *Villa v. Sullivan*, 895 F.2d 1019, 1023-24 (5th Cir. 1990); SSR 96-8p, 1996 WL 374184, at *7 (S.S.A. July 2, 1996)). "The ALJ is not required to incorporate limitations in the RFC that he did not find to be supported in the record." *Id.* (citing *Muse v. Sullivan*, 925 F.2d 785, 790 (5th Cir. 1991)). Nor must the ALJ expressly state in the RFC the limitations on which it is based. *Cornejo v. Colvin*, No. EP-11-CV-470-RFC, 2013 WL 2539710, at *9 (W.D. Tex. June 7, 2013) (citing *Bordelon v. Astrue*, 281 F. App'x 418, 422–23 (5th Cir. 2008) (per curiam)). "The RFC assessment must first identify the individual's functional limitations or restrictions and assess his or her work-related abilities on a function-by-function basis, including the functions in paragraphs (b), (c), and (d) of 20 C.F.R. [§§] 404.1545 and 416.945." SSR 96–8p, 1996 WL 374184, at *1 (July 2, 1996). The functions in paragraphs (b), (c), and (d) relate to physical, mental, and other abilities. The ALJ considers the nature and extent of the claimant's physical, mental, and other relevant limitations. 20 C.F.R. § 404.1545.

In determining physical limitations, the ALJ considers evidence of the claimant's abilities to sit, stand, walk, lift, carry, push, pull, and perform other physical functions. *Id.* § 404.1545(b). In determining mental limitations, the ALJ considers evidence of the claimant's abilities to understand, remember, and carry out instructions, as well as respond appropriately to supervision, co-workers, and work pressures in a work setting. *Id.* § 404.1545(c). The ALJ uses the "paragraph B criteria" to rate the degree of the claimant's mental limitations in understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing oneself. *Id.* § 404.1520a; *see id.* Part 404, Subpart P, Appendix 1.

Finally, the ALJ considers limitations and restrictions that affect other work-related abilities. 20 C.F.R. § 404.1545(d).

When the AC remands a case back to the ALJ, the ALJ "shall take any action that is ordered by the Appeals Council and may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b). Reversal for failure to follow the AC's remand order when the ALJ's decision does not apply the proper legal standard or substantial evidence does not support the decision. *Luzenia K. v. Saul*, No. 3:19-cv-01006-BT, 2020 WL 2574933, at *7 (N.D. Tex. May 20, 2020), *aff'd sub nom.*, *Keel v. Saul*, No. 20-10728, 2021 WL 222142 (5th Cir. Jan. 22, 2021) (citations omitted).

Bodine alleges that the ALJ did not follow the AC's remand order because he did properly consider his ability to interact with the general public in reaching his RFC determination. On remand, the AC ordered the ALJ to "[f]urther evaluate the claimant's mental impairments in accordance with the special technique described in 20 CFR 404.1520a and 416.920a, documenting application of the technique in the decision by providing specific findings and appropriate rationale for each of the functional areas described in 20 CFR 404.1520a(c) and 416.920a(c)." Tr. 154. The AC's order did not require the ALJ to find that Bodine should be limited to only superficial contact with the general public, but instead only required the ALJ to further explain his RFC determination.

On remand, the ALJ did so. He not only complied with the AC's remand order, but substantial evidence supports his RFC determination. Therefore, remand is not warranted. The ALJ determined that Bodine had a moderate limitation in interacting with others. Tr. 23. The ALJ explained that in reaching this determination, he noted that Bodine did not spend time with others as he stays home due to illnesses. *Id.* However, he shops; has no problems getting along with family, friends, and neighbors; has limitations getting along with others; and gets along "OK" with

9

authority figures. *Id.* The ALJ also found that the medical record reflected that Bodine maintained meaningful relationships with family and friends and interacted well with medical providers and staff. *Id.* Additionally, Bodine's physical examinations established that he maintains appropriate eye contact and demeanor without any evidence of discomfort secondary to psychologically based symptoms. *Id.*

The ALJ also cited the medical record regarding Bodine's anxiety. Various examinations during 2015 and 2016 reflected that Bodine had no anxiety. Tr. 26. However, in August 2016, Bodine told his primary care physician, Robert Borchardt, M.D. ("Dr. Borchardt"), that he had to visit the emergency room for anxiety. *Id.* After examining Bodine's mood and affect, Dr. Borchardt determined that he was anxious. *Id.* He prescribed him Xanax, and Bodine stated in his November 14, 2016 visit that this reasonably controlled his anxiety. Tr. 27.

To account for Bodine's limitation in interacting with others, the ALJ limited him to only occasional interaction with supervisors and co-workers. Tr. 24. As to Bodine's subjective complaints of being severely limited in interacting with others, the ALJ noted that even though the medical record did not support a more restrictive limitation, "other courts have found that limiting a claimant to occasional interaction with coworkers adequately accounts" for a marked, rather than moderate limitation. *Id.* (citations omitted). The ALJ reasoned that since he determined that Bodine was limited to unskilled work, he would not be required to have any interaction with the general public, which is less contact that he would have if the ALJ limited him to the "occasional" or "infrequent" contact. Tr. 25 (citation omitted).

Bodine has not shown a lack of credible evidence or medical findings that support the ALJ's RFC finding. He argues that the ALJ did not limit his contact with the general public despite the opinion of Erika Gilyot-Montgomery, Psy.D., and therefore substantial evidence does not support

his RFC determination. ECF No. 17 at 12. However, to upset the ALJ's decision, the plaintiff must show that there was insufficient evidence for a reasonable person to reach the same conclusion as the ALJ, not that some contradictory evidence might exist. *Newton*, 209 F.3d at 453. While Bodine states the ALJ did not consider Dr. Gilyot-Montgomery's opinion noted by the AC, the ALJ's decision contains numerous examples of how he addressed the evidence and considered the issues outlined by the AC's remand order. Tr. 24-29.

Bodine's disagreement with the ALJ's formulation of the RFC does not carry his burden of establishing that substantial evidence does not support the ALJ's determination. Substantial evidence supported the ALJ's conclusion, despite Bodine's disagreement with his conclusion, and reversal is not required on this point.

Further, Bodine claims that the ALJ did not account for any limitation in pace in his RFC determination despite finding that a limitation to "no fast pace tasks" is entitled to great weight as it is supported by the medical record. ECF No. 17 at 15-17. The Commissioner responds that the ALJ was not required to include Dr. Gilyot-Montgomery's opinion limiting fast-paced tasks, as the ALJ is not required to incorporate limitations he does not find consistent with the record. ECF No. 18 at 6. When evaluating the extent of a claimant's ability to do physical and mental work activities, the ALJ must consider medical opinions together with the rest of the relevant evidence in the record. 20 C.F.R. § 404.1545(a)(3). An ALJ "generally cannot reject a medical opinion without providing an explanation for that rejection, even if good reasons exist for disregarding the opinion. Failure to explain the rejection of a medical opinion justifies a remand." *Winston v. Berryhill*, 755 F. App'x 395, 398 (5th Cir. 2018) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 759-61 (5th Cir. 2017)).

Medical opinions are statements from an acceptable medical source that reflect judgments about the nature and severity of a claimant's impairments, what a claimant can still do despite his mental impairments, and his physical or mental restrictions. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2). Bodine asserts that Dr. Gilyot-Montgomery opined that he could not perform fast-pace tasks. ECF No. 17 at 15. While the ALJ noted that the medical record supported a moderate limitation in maintaining pace, he also determined that the opinions of the state physicians that Bodine's mental impairments did not prevent him from working normal workdays and workweeks contradicted Dr. Gilyot-Montgomery's opinion regarding Bodine's inability to handle fast-pace tasks. Tr. 23, 28, 83. Therefore, the ALJ determined that Bodine was not as limited as Dr. Gilyot-Montgomery concluded, and instead he found that the medical record only supported a moderate limitation in maintaining pace. Tr. 23. The ALJ properly considered Dr. Gilyot-Montgomery's medical opinion, though he did not give it the weight that Bodine urges. Bodine has not shown that the ALJ's RFC finding is not based on credible evidentiary choices or medical findings. Therefore, there is no reversible error since the ALJ accommodated Bodine's ability to maintain pace through a moderate limitation.

**B. The ALJ did Not Improperly Substitute His Medical Judgment for the Medical Opinion Evidence of Record.**

Bodine argues that the ALJ improperly substituted his medical judgment for the medical opinion evidence of record. ECF No. 17 at 17. The ALJ found that Bodine was limited to frequently reaching, pushing, and pulling with his upper extremities; could frequently use his hands for grasping, holding, and turning objects; and could frequently alternate climbing, stooping, kneeling, crouching, crawling, and balancing. Tr. 24. Bodine contends that the ALJ did not support this determination with any medical opinions, but instead used his own judgment as to the nature and extent of the manipulative and postural limitations assessed. ECF No. 17 at 17-22. Bodine states

that while the examination performed by Jerome M. Adams, M.D. supports a finding of manipulative and postural limitations, the ALJ disregarded Dr. Adams's opinion by determining that Bodine's limitations in moving about and handling objects in the workplace were not as severe as Dr. Adams suggested. *Id.* at 19. Therefore, Bodine concludes that the record does not include any medical evidence to support the ALJ's determination that Bodine can perform manipulative activities frequently rather than only occasionally or rarely since he rejected "the only medical opinion on the effects that Bodine's recognized severe arthritis had on his ability to perform manipulative and postural activities." *Id.* at 19-20.

The Commissioner responds that what Bodine characterizes as the ALJ substituting his opinion is instead the proper interpretation of medical evidence to determine his capacity for work. ECF No. 18 at 10. The Commissioner further argues that although Dr. Adams determined that Bodine had severe limitations in doing anything requiring any degree of physical exertion or activity, Dr. Adams's opinion seemed to be based on Bodine's subject complaints, as no other evidence in the record, including Dr. Adams's own "mild findings," supported such severe limitations. *Id.* at 9. Therefore, the Commissioner argues that the ALJ was "free to incorporate limitations he finds consistent with the record" as it is his duty to assess all the objective and subjective evidence and formulate the RFC from that analysis. *Id.* at 9-10 (citing *Andrew v. Astrue*, 917 F. Supp. 2d 624, 642 (N.D. Tex. 2013)).

The ALJ did not substitute his opinion for those of Bodine's physicians or the state agency medical consultants. The ALJ noted that Dr. Adams reported moderately limited range of motion of the neck; close to a full range of motion of the shoulders; moderately limited range of motion of the wrist with limited strength of about 4/5; and tandem, heel, and toe walk were done with difficulty and with impaired balance. Tr. 27. However, the ALJ determined that the medical record

13

as well as Dr. Adams's own report, did not support a finding of Bodine having a severe limitation. Tr. 29. Specifically, Dr. Borchardt, Bodine's primary care physician, consistently found that Bodine had "5/5" muscle strength and muscle coordination. Tr. 26-28. Dr. Borchardt's opinion as well as the medical opinions of the state agency consultants, who found that Bodine was capable of performing a full range of light exertion, including lifting and carrying, did not support Dr. Adams's opinion that Bodine had severe limitations in lifting and carrying. Tr. 28-29. Therefore, the ALJ found that his opinion was only entitled to "little weight" because it was supported only by Bodine's subjective complaints, not on any treatment records or testing results. Tr. 29.

Based on these findings and the rest of the medical record, the ALJ determined that Bodine needed greater limitations than a full range of light work found by the state agency physicians. Tr. 24. He therefore determined that Bodine could only frequently reach, push, pull, grasp, hold, and turn objects. *Id.* Because the medical record supported the ALJ's determination, the ALJ did not improperly substitute his medical judgment in place of the medical opinion evidence of record.

### IV.     CONCLUSION

Because the ALJ employed the correct legal standards, substantial evidence in the record supports his decision, and Bodine has not shown that reversal of the decision is required, the undersigned **RECOMMENDS** that Judge O'Connor **AFFIRM** the Commissioner's decision.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1) (2019) and Fed. R. Civ. P. 72(b)(1) (2019). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings,

conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on February 16, 2021.

                                                                   Hal R. Ray, Jr.
                                                                   UNITED STATES MAGISTRATE JUDGE