IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | |
|---|---|
| **ORLANDO WADE BODINE,** § <br> § <br> Plaintiff, § <br> § <br> v. § <br> § <br> **ANDREW M. SAUL, Commissioner of** § <br> **Social Security Administration,** § <br> § <br> Defendant. § | **Civil Action No. 7:20-cv-00044-O-BP** |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On February 16, 2021, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 20. The FCR recommended that the Court affirm the decision of the Commissioner of the Social Security Administration (the "Commissioner"), which concluded that Plaintiff Orlando Wade Bodine ("Bodine") is not disabled as defined by the Social Security Act. *Id.* at 1. Bodine filed an Objection to the Findings, Conclusions, and Recommendation of the United States Magistrate Judge on March 2, 2021. Pl.'s Obj., ECF No. 26. The Commissioner filed a response to Bodine's Objection on March 12, 2021. Resp., ECF No. 22.

The Court has conducted a de novo review of the FCR. For the following reasons, Plaintiff's Objection is **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR. The Court **AFFIRMS** the Commissioner's decision.

## I.    FACTUAL BACKGROUND

Bodine was born on August 3, 1968, has a limited level of education, and can communicate in English. Admin. R. 30, ECF No. 15-1. In 1997, Bodine filed applications for a period of disability, disability insurance benefits, and supplemental security income, which were denied. *Id.* On August 15, 2016, Bodine again applied for a period of disability, disability insurance benefits, and

1

supplemental security income, alleging that his disability began on June 1, 2013. *Id.* The Commissioner denied the claim initially and upon reconsideration. *Id.* Bodine requested a hearing, and on January 3, 2018, the video hearing was held before Administrative Law Judge ("ALJ") James Linehan. *Id.* at 17. The ALJ issued a decision on March 28, 2018, finding that Bodine was not disabled. *Id.* Bodine appealed the decision to the Appeals Council ("AC"), which ordered a remand to the ALJ with specific instructions. *Id.* at 153–54. The ALJ conducted a second video hearing on July 23, 2019, with only Bodine present. *Id.* at 18.

On remand, the ALJ again applied the statutory five-step analysis, finding that Bodine was not disabled. *Id.* at 31. Specifically, the ALJ found that (1) Bodine had not engaged in gainful activity since June 1, 2013, the alleged onset date; (2) Bodine had the severe impairments of degenerative disc disease in his lumbar spine, osteoarthritis, depression, anxiety, and obesity; (3) Bodine's impairment did not meet or equal two of the "marked" impairments listed in 20 C.F.R. pt. 404(p); (4) Bodine had the residual functional capacity ("RFC") to perform work that is of Specific Vocational Preparation level 2 or less as defined in the Dictionary of Occupational Titles with several identified abilities and limitations, so Bodine was unable to perform his past relevant work; and (5) Bodine could perform a significant number of jobs in the national economy. *Id.* at 21–24, 29–30. Thus, the ALJ concluded that Bodine was "not disabled." *Id.* at 30.

The Appeals Court denied review, *id.* at 10, and the Magistrate Judge reviewed the Commissioner's final decision that Bodine was not disabled. FCR 1, ECF No. 25. The FCR and Plaintiff's Objections are ripe for the Court's review.

**II.   LEGAL STANDARD**

On review of the Commissioner's denial of benefits, a court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th

Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as more than a scintilla and less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does not weigh the evidence, retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence" to support the Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal citation omitted).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation need not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairments are medically severe; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) whether the RFC precludes the claimant from performing his past relevant work; and (5) whether the combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *Id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct an RFC assessment. *Id.* § 404.1520a(d)(3).

**III.   ANALYSIS OF OBJECTIONS**

Bodine's objection is threefold: first, the ALJ failed to "identify any medical opinion that was the basis for his determination on the extent and severity of Bodine's manipulative and postural limitations, and therefore relied on his own lay interpretation of the objective medical data in determining RFC"; second, the ALJ failed to incorporate an express limitation for Bodine's interactions with the general public; and, third, the ALJ failed to incorporate an express limitation for Bodine's ability to maintain pace. Obj. 1–7, ECF No. 21. The Court addresses each in turn.

**A. The ALJ Did Not Improperly Rely on His Own Lay Interpretation of the Objective Medical Data in Determining Bodine's RFC**

Bodine maintains that Dr. Adams reported moderately limited range of motion of the neck; close to a full range of motion of the shoulders; moderately limited range of motion of the wrist with limited strength of about 4/5; and tandem, heel, and toe walk were done with difficulty and with impaired balance. Obj. 3, ECF No. 15-1; *see* Admin. R. 27, ECF No. 15-1. But the ALJ determined, and the Magistrate Judge agreed, that the medical record and Dr. Adams's own report did not support a finding of a severe limitation. Obj., ECF No. 21 (citing Admin. R. 29, ECF No. 15-1). Bodine argues that "the Magistrate's conclusion that the ALJ's finding of manipulative limitations based upon his own interpretation of raw medical data is supported by substantial evidence is in direct conflict with the Magistrate's Judge's prior decision in *Carrillo* . . . ." Obj. 2, ECF No. 21 (*Carrillo v. Saul*, No. 4:19-cv-00371-O-BP, 2020 WL 3442054 (N.D. Tex. June 4, 2020), rec. adopted by 2020 WL 3440884 (N.D. Tex. June 22, 2020)).

The RFC is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545. The responsibility of determining the plaintiff's RFC belongs to the ALJ. *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995) (citing 20 C.F.R. § 404.1546). In making this determination, the ALJ must consider all of the evidence in the record and determine the plaintiff's abilities despite his or her

4

physical and mental limitations. *Martinez v. Chater*, 64 F.3d 172, 176 (5th Cir. 1995). The relative weight given to the evidence is within the ALJ's discretion. *Chambliss v. Massanari*, 269 F.3d 520, 523 (5th Cir. 2001) (per curiam). The ALJ is not required to incorporate limitations in the RFC that he or she did not find to be supported in the record. *See Morris v. Bowen*, 864 F.2d 333, 336 (5th Cir. 1988) (per curiam).

However, this responsibility does not permit the ALJ to draw medical conclusions; his inquiry is limited to a legal determination of the RFC based on the record. *Williams v. Astrue*, 355 F. App'x 828, 831–32 (5th Cir. 2009) (per curiam) (citing *Ripley*, 67 F.3d at 557–58) ("[T]he ALJ impermissibly relied on his own medical opinions as to the limitations presented by [various diagnoses] to develop his factual finding."). "[T]he ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion" with a showing of good cause. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000); *see also Qualls v. Astrue*, 339 F. App'x 461, 467 (5th Cir. 2009) (limiting *Newton*'s good cause requirement to only when the ALJ rejects the sole relevant medical opinion before it). "And while the ALJ is free to reject medical opinions that contradict or are unsupported by objective evidence, it is error to make the RFC determination after rejecting the only medical opinions in the record that addressed the effect of the claimant's . . . impairments on her ability to work." *Tyler v. Colvin*, No. 3:15-cv-3917-D, 2016 WL 7386207, at *5 (N.D. Tex. Dec. 20, 2016) (quoting *Fitzpatrick v. Colvin*, No. 3:15-cv-3202-D, 2016 WL 1258477, at *7 (N.D. Tex. Mar. 31, 2016) (Fitzwater, C.J.)) (internal brackets and quotation marks omitted); *Thornhill v. Colvin*, No. 3:14-cv-335-M, 2015 WL 232844, at *10 (N.D. Tex. Jan. 16, 2015) (citing *Ripley*, 67 F.3d at 557-58).

Here, the ALJ did not reject all of the relevant medical opinions in the record that addressed Bodine's impairment on his ability to work. Instead, the ALJ relied heavily on the state agency consultants' finding and the reports from Dr. Borchardt, Bodine's primary care physician. *Id.* at 29

5

The ALJ also relied on but gave "little weight" to Dr. Adams's opinion because it was not supported by the other opinions and relied only on Bodine's subjective complaints instead of treatment records or testing results. *Id.* The ALJ was free to reject some medical opinions as contradicted or unsupported and rely on other medical opinions. *See Fitzpatrick*, 2016 WL 1258477, at *7; *see also Coffelt v. Berryhill*, No. 4:17-CV-00165-Y-BP, 2017 WL 6508993, at *4 (N.D. Tex. Nov. 1, 2017), *report and recommendation adopted*, No. 4:17-cv-165-Y, 2017 WL 6498009 (N.D. Tex. Dec. 19, 2017) (citing *Chambliss*, 269 F.3d at 523).

"While the ALJ may choose to reject these opinions, he cannot then independently decide the effects of Plaintiff's . . . impairments on [her] ability to work, as that is expressly prohibited by *Ripley*." *Shugart v. Astrue*, No. 3:12-CV-1705-BK, 2013 WL 991252, at *5 (N.D. Tex. Mar. 13, 2013). However, the ALJ did, in fact, rely on other medical opinions. The state agency consultants and Dr. Borchardt consistently found that Bodine had "5/5" muscle strength and muscle coordination. *Id.* at 26–29. Based on their medical opinions, the ALJ determined that Bodine could frequently use his hands for grasping, holding, and turning objects—a more restrictive limitation than the state agency's recommendation of a full range of light work. *See* Admin. R. 24, ECF No. 15-1. The ALJ was free to rely on other medical opinions. *See Chambliss*, 269 F.3d at 523. Accordingly, Bodine's first objection is **OVERRULED**.

### B. The ALJ Did Not Improperly Fail to Include a Specific Limitation to Interaction with the General Public in the RFC

Bodine contends that the ALJ "did not account for any limitation in interacting with the general public in the RFC finding." Obj. 4, ECF No. 21. Specifically, Bodine maintains the limitation was warranted based on Dr. Erika Gilyot-Montgomery's opinions which were given "great weight" and the ALJ's conclusion that the medical record supported a moderate limitation in Bodine' ability to interact with others. *See* Obj. 4, ECF No. 21; Admin. R. 14, 18, 24, ECF No. 15-1.

On remand, the ALJ further explained his RFC determination for Bodine's mental impairment. *See id.* at 23. The ALJ noted that Bodine did not spend time with others while staying home with an illness limiting his ability to get along with others, but Bodine (1) continues to shop, (2) has no problem getting along with friends, family, or neighbors, (3) gets along "OK" with authority figures, (4) maintains meaningful relationships with friends and family, and (5) interacts well with medical providers and staff. *Id.* The ALJ also noted that Bodine's physical examination showed that he maintains eye contact and demeanor without evidence of discomfort and that Bodine's medical record showed a short history of anxiety treated with prescription medicine. *Id.* at 27. Considering this evidence, the ALJ limited Bodine to only occasional interaction with his supervisors and coworkers and to only unskilled work. *Id.* at 23–24. The ALJ also expressly reasoned that the combination of these limitations would prevent Bodine from being required to have any interaction with the general public. *Id.* at 25.

Based on the record and argument before the Court, Bodine has failed to meet his burden of showing that there was insufficient evidence for a reasonable person to reach the same conclusion as the ALJ. *Newton*, 209 F.3d at 453. While the ALJ did not expressly consider Dr. Gilyot-Montgomery's opinion for these purposes, substantial evidence supports the ALJ's conclusion that limiting Bodine to unskilled work and to occasional interaction with coworkers adequately accounts for Dr. Gilyot-Montgomery's recommended limitation. *Greenspan*, 38 F.3d at 236. Accordingly, Bodine's second objection is **OVERRULED**.

### C. The ALJ Did Not Improperly Fail to Include a Specific Limitation for Fast-Paced Tasks in the RFC

Bodine argues that the ALJ did not account for any limitation in pace in his RFC determination despite finding that a medical opinion recommending a limitation to "no fast pace tasks" is entitled to great weight. *See* Obj. 4–5, ECF No. 21 (citing Admin. R. 19, 24, 108, 123, ECF No. 15-1).

When evaluating the extent of a claimant's ability to do physical and mental work activities, the ALJ must consider medical opinions together with the rest of the relevant evidence in the record. 20 C.F.R. § 404.1545(a)(3). An ALJ "generally cannot reject a medical opinion without providing an explanation for that rejection, even if good reasons exist for disregarding the opinion. Failure to explain the rejection of a medical opinion justifies a remand." *Winston v. Berryhill*, 755 F. App'x 395, 398 (5th Cir. 2018) (citing *Kneeland v. Berryhill*, 850 F.3d 749, 759–61 (5th Cir. 2017)). Medical opinions are statements from an acceptable medical source that reflect judgments about the nature and severity of a claimant's impairments, what a claimant can still do despite his mental impairments, and his physical or mental restrictions. 20 C.F.R. §§ 404.1527(a)(2), 416.927(a)(2).

Here, a fast-paced-task limitation was not warranted because the state physician's opinion did not support such a limitation. The ALJ concluded that the medical record supported a moderate limitation in maintaining pace but found that the state physicians' opinions contradicted Dr. Gilyot-Montgomery's opinion regarding Bodine's inability to handle fast-pace tasks. *See* Admin. R. 23, 28, 83, ECF No. 15-1. Based on the contradiction and the weight of the state physicians' opinions, the ALJ found that the medical record only supported a moderate limitation in maintaining pace. *Id.* at 23. Thus, the ALJ considered Dr. Gilyot-Montgomery's medical opinion but did not give it the weight that Bodine urges, but the ALJ was free to rely more on medical opinions of the state physicians. *See Chambliss*, 269 F.3d at 523. Accordingly, Bodine's third objection is **OVERRULED**.

## IV. CONCLUSION

Having conducted a de novo review of the FCR and Bodine's Objections, the Court **OVERRULES** Bodine's Objections and **ADOPTS** the reasoning in the Magistrate Judge's FCR. Accordingly, the Court **AFFIRMS** the Commissioner's decision that Bodine is not disabled as defined by the Social Security Act.

**SO ORDERED** on this **8th day** of **April, 2021.**

8

Reed O'Connor
UNITED STATES DISTRICT JUDGE